IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 13-369 |
| | : | |
| EDUARDO APONTE | : | |

# ORDER

AND NOW, this 11th day of January, 2016, upon consideration of Defendant Eduardo Aponte's pro se letter request for a reduction in sentence and the Government's response thereto, it is ORDERED the request (Document 48) is DENIED.[1]

---

[1] Aponte seeks a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, which reduced by two levels the base offense levels assigned to specific drug quantities in the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. supp. app. C, amend. 782 (2014). Under 18 U.S.C. § 3582(c)(2), a district court is authorized to grant a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement, set forth in U.S.S.G. § 1B1.10, provides a sentence reduction "shall be consistent with this policy statement" when "the guideline range applicable to th[e] defendant has . . . been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below," i.e., an amendment made retroactive by the Sentencing Commission. U.S.S.G. § 1B1.10(a)(1). A sentence reduction is not consistent with the policy statement, and is therefore not authorized under § 3582(c)(2), however, if the amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B). A defendant's "applicable guideline range," for purposes of the policy statement, is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 cmt. n.1(A).

Although Aponte was convicted of drug offenses in this case, his offense level was not determined based on the Drug Quantity Table. Rather, because of his criminal history, his offense level and resulting Guidelines range, before any departures, were determined based on the career offender guideline. Because Amendment 782 does not affect the career offender guideline, the Amendment does not have the effect of lowering Aponte's applicable guideline range, and Aponte is therefore not eligible for a sentence reduction pursuant to the Amendment. *See United States v. Flemming*, 723 F.3d 407, 412 (3d Cir. 2013) (holding the "applicable guideline range" under U.S.S.G. § 1B1.10(a) for a defendant who receives a career offender enhancement is the Guidelines range calculated pursuant to the career offender designation

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

before applying any departure or variance); *United States v. Ware*, 694 F.3d 527, 531-35 (3d Cir. 2012) (holding defendants whose Guidelines ranges, before consideration of any departures or variances, were determined based on the career offender guideline were not eligible for a sentence reduction under a Guidelines amendment that reduced base offense levels for crack cocaine offenses).  Accordingly, Aponte's letter request is denied.